IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

SHANNON WILSON,                          Civil Action No.:          1:22-119-TLW

             Plaintiff,

vs.

                                     COMPLAINT

GURPRIT SINGH KHOSA,
1421827 ONTARIO LTD d/b/a
J&G FORWARDING, AND
VAULT CREDIT CORP. f/k/a BLUE CHIP
LEASING COMPANY

             Defendants.

_____

**COMES NOW**, Shannon Wilson and complains of Defendants as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as Plaintiff is a resident of Louisiana and each of the defendants are Canadian entities and residents, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      The United States District Court for the District of South Carolina is the proper venue for this action pursuant to 28 U.S.C. &1391(b) as all defendants do business in Aiken County, South Carolina, and as a substantial part of the events or omissions giving rise to the claim occurred in this district, as the parties conducted business in the district, and the circumstances contributing to the injury of Shannon Wilson occurred in the district.

## PARTIES

3.      Shannon Willson, at the time of the incident described below, was over eighteen years of age, and a resident of the state of Louisiana.

4.      Upon information and belief, Gurprit Singh Khosa, at the time of the incident described below, was over eighteen years of age, and a resident of Canada.

5.  Upon information and belief, 1421827 Ontario LTD d/b/a J&G Forwarding is a Canadian limited liability company doing business in Aiken, South Carolina.

6.  Upon information and belief, Vault Credit Corp. f/k/a Blue Chip Leasing Company is a Canadian limited liability company doing business in Aiken, South Carolina.

## FACTS

7.  On January 24, 2019, Shannon Wilson was working as a truck driver driving a tractor-trailer towing a semi-trailer.

8.  On January 24, 2019, Gurprit Singh Khosa was working as a truck driver for 1421827 Ontario LTD.

9.  Gurprit Singh Khosa was driving a tractor-trailer owned by Vault Credit Corp.

10. Shannon Wilson parked the tractor-trailer with the attached semi-trailer in a legal parking spot at 524 Bettis Academy Road in Graniteville, South Carolina.

11. At approximately 3:40 AM on January 24, 2019, Gurprit Singh Khosa allowed the tractor-trailer he was driving to strike the rear of the stationary semi-trailer attached to the tractor-trailer that was being driven by Shannon Wilson.

12. As a result of the collision caused by Gurprit Singh Khosa, Shannon Wilson was thrown about the cab of his tractor-trailer, seriously injuring his back and neck.

13. As a result of the injuries Shannon Wilson sustained in the collision, he has compression in the lumbar spine, a disc herniation at the L4-S1 levels, bulging and foraminal compression in the cervical spine from disc C4 to disc C7, and other injuries.

14. Shannon Wilson's doctors determined that he should undergo a major spinal surgery as a result of the collision caused by Gurprit Singh Khosa.

15. Shannon Wilson agreed to have surgery to his spine.

16. During the surgery, Shannon Wilson's heart stopped beating and he suffered additional injuries.

## CLAIMS

2

## COUNT I- Negligence

17.     Shannon Wilson  refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 16  as though fully set forth at length.

18.     Shannon Wilson's injuries that resulted therefrom Defendants' negligence, was in no way caused or contributed to by any fault or neglect on the part of Shannon Wilson, but rather, said damages and losses were caused by the fault, negligence, willful, wanton, and/or reckless conduct of all Defendants  in one or more of the following particulars, among others, all of which will be more fully shown at the trial of this matter:

    a.    Allowing the tractor trailer being driven by Gurprit Singh Khosa to  strike or collide with the semi-trailer in question;

    b.    Preventing the tractor trailer being driven by Gurprit Singh Khosa from striking or colliding with the semi-trailer in question;

    c.    Permitting the tractor trailer being driven by Gurprit Singh Khosa to be operated by an incompetent driver;

    d.    Failing to properly maintain the tractor trailer being driven by Gurprit Singh Khosa;

    e.    Failing to have proper safety rules for the operator of the tractor trailer being driven by Gurprit Singh Khos;

    f.    Failing to warn Shannon Wilson that the tractor trailer being driven by Gurprit Singh Khosa was about to strike or collide  with the semi-trailer in question;

    g.    Failing to keep a proper look-out;

    h.    Failing to abide by applicable traffic laws;

    i.    Failing to maintain proper control of the tractor-trailer;

    j.    Failing to apply the breaks, if any existed;

    k.    Failing to use due care to stop the tractor-trailer from striking or colliding with the semi-trailer in question;

    l.    Failing to observe the road or parking lot conditions;

j.      Operating the tractor-trailer in utter disregard for the semi-trailer in question; and

k.      In other aspects to be proved at trial.

19.    As a direct and proximate result of defendant Gurprit Singh Khosa's negligent, careless, grossly negligent, willful, wanton, reckless, and/or unlawful acts in the use and/or maintenance of a motor vehicle as described more fully above, Plaintiff:

a.      Was severely, seriously, and painfully injured;

b.      Has incurred, and/or will continue to incur, expenses for the services of doctors, nurses, hospitals, chiropractors, therapists, medicines, and/or special equipment;

c.      Was subjected to extreme pain, mental anguish, suffering, and discomfort over a long period of time;

d.      Has incurred, and/or will continue to incur, pain, suffering, and loss of enjoyment of natural life;

e.      Has suffered, and/or will continue to suffer emotional distress, embarrassment, humiliation, and anxiety;

f.      Has experienced, and/or will continue to experience, physical impairment;

g.      Has loss of wages and earnings capacity;

h.      Has been and/or will be prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities; and

i.      Other damages to be shown at trial.

20.    On information and belief, Plaintiff is entitled to judgment against defendant Gurprit Singh Khosa, jointly and/or severally, for all actual, consequential, special, and punitive damages in an appropriate amount.

### COUNT II-Vicarious Liability/Agency/Respondeat Superior: Defendant 1421827 Ontario

21.    Shannon Wilson  refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 16  as though fully set forth at length.

22.     At all times relevant herein, defendant 1421827 Ontario Ltd. arranged for defendant Gurprit Singh Khosa to drive the tractor trailer on its behalf and benefit with the knowledge and/or implied consent.

23.     At all times mentioned herein, the above-described acts of defendant Gurprit Singh Khosa were committed while defendant Gurprit Singh Khosa was acting as an agent, servant, and/or employee of defendant 1421827 Ontario Ltd.

24.     Defendant 1421827 Ontario Ltd. is financially responsible and legally liable under the Federal Motor Carrier Safety Regulations for the damages caused by the negligent, careless, grossly negligent, willful, wanton, reckless, and/or unlawful acts of defendant Gurprit Singh Khosa as alleged above.

25.     Defendant 1421827 Ontario Ltd. is financially responsible and legally liable as the principals under the doctrines of respondeat superior and agency the damages caused by the negligent, careless, grossly negligent, willful, wanton, reckless, and/or unlawful acts of defendant Gurprit Singh Khosa as alleged above.

26.     As a direct and proximate result of defendant 1421827 Ontario Ltd.'s improper conduct, Plaintiff:

a.     Was severely, seriously, and painfully injured;

b.     Has incurred, and/or will continue to incur, expenses for the services of doctors, nurses, hospitals, chiropractors, therapists, medicines, and/or special equipment;

c.     Was subjected to extreme pain, mental anguish, suffering, and discomfort over a long period of time;

d.     Has incurred, and/or will continue to incur, pain, suffering, and loss of enjoyment of natural life;

e.     Has suffered, and/or will continue to suffer emotional distress, embarrassment, humiliation, and anxiety;

f.     Has experienced, and/or will continue to experience, physical impairment;

5

g.      Has loss of wages and earnings capacity;

h.      Has been and/or will be prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities; and

i.      Other damages to be shown at trial.

27.      On information and belief, Plaintiff is entitled to judgment against defendant 1421827 Ontario Ltd., jointly and/or severally, for all actual, consequential, special, and punitive damages in an appropriate amount.

### COUNT III-Vicarious Liability/Agency/Respondeat Superior: Defendant Vault Credit

28.      Shannon Wilson  refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 16  as though fully set forth at length.

29.      At all times relevant herein, defendant  Vault Credit Corp. f/k/a Blue Chip Leasing Company arranged for defendant  Gurprit Singh Khosa to drive the tractor trailer on its behalf and benefit with the knowledge and/or implied consent.

30.      At all times mentioned herein, the above-described acts of  defendant  Gurprit Singh Khosa were committed while defendant  Gurprit Singh Khosa was acting as an agent, servant, and/or employee of defendant Vault Credit Corp. f/k/a Blue Chip Leasing Company.

31.      Defendant   Vault Credit Corp. f/k/a Blue Chip Leasing Company is financially responsible and legally liable under the Federal Motor Carrier Safety Regulations for the damages caused by the negligent, careless, grossly negligent, willful, wanton, reckless, and/or unlawful acts of  defendant  Gurprit Singh Khosa as alleged above.

32.      Defendant   Vault Credit Corp. f/k/a Blue Chip Leasing Company is financially responsible and legally liable as the principals under the doctrines of respondeat superior and agency the damages caused by the negligent, careless, grossly negligent, willful, wanton, reckless, and/or unlawful acts of defendant  Gurprit Singh Khosa as alleged above.

33.      As a direct and proximate result of defendant Vault Credit Corp. f/k/a Blue Chip Leasing Company's improper conduct, Plaintiff:

a.      Was severely, seriously, and painfully injured;

b. Has incurred, and/or will continue to incur, expenses for the services of doctors, nurses, hospitals, chiropractors, therapists, medicines, and/or special equipment;

c. Was subjected to extreme pain, mental anguish, suffering, and discomfort over a long period of time;

d. Has incurred, and/or will continue to incur, pain, suffering, and loss of enjoyment of natural life;

e. Has suffered, and/or will continue to suffer emotional distress, embarrassment, humiliation, and anxiety;

f. Has experienced, and/or will continue to experience, physical impairment;

g. Has loss of wages and earnings capacity;

h. Has been and/or will be prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities; and

i. Other damages to be shown at trial.

34. On information and belief, Plaintiff is entitled to judgment against defendant Vault Credit Corp. f/k/a Blue Chip Leasing Company, jointly and/or severally, for all actual, consequential, special, and punitive damages in an appropriate amount.

**COUNT IV: Negligence of Defendants Vault Credit and 1421827 Ontario**

35. Shannon Wilson refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 16 as though fully set forth at length.

36. Defendants Vault Credit Corp. f/k/a Blue Chip Leasing Company and 1421827 Ontario Ltd. had a duty to ensure that defendant Gurprit Singh Khosa complied with all applicable traffic laws.

37. Defendants Vault Credit Corp. f/k/a Blue Chip Leasing Company and 1421827 Ontario Ltd. further had a duty to comply, or ensure its companies compliance with, with the Federal Motor Carrier Safety Regulations.

38.     Defendants Vault Credit Corp. f/k/a Blue Chip Leasing Company and 1421827 Ontario Ltd. had a duty to reasonably and properly hire, supervise, train, and retain drivers and maintain their vehicles.

39.     Defendants  Vault Credit Corp. f/k/a Blue Chip Leasing Company and 1421827 Ontario Ltd. breached these duties in one or more of the following particulars:

a.     Failing to properly maintain and service the tractor-trailer;

b.     Failing to ascertain the qualifications, driving records, safety records, sobriety, certifications or other qualifications of a driver in its employ;

c.     Failing to use reasonable care to select an employee who was competent and fit to perform duties required as an employee;

d.     Failing to use reasonable care in permitting the use of a truck under its ownership and control to a driver who, because of inexperience or prior actions, was likely to drive the truck in a negligent or reckless manner; and

e.     Other acts of negligence to be shown at trial.

40.     As a direct and proximate result of defendants Vault Credit Corp. f/k/a Blue Chip Leasing Company and 1421827 Ontario Ltd.'s direct negligence alleged above, Plaintiff was

a.     Severely, seriously, and painfully injured;

b.     Has incurred, and/or will continue to incur, expenses for the services of doctors, nurses, hospitals, chiropractors, therapists, medicines, and/or special equipment;

c.     Was subjected to extreme pain, mental anguish, suffering, and discomfort over a long period of time;

d.     Has incurred, and/or will continue to incur, pain, suffering, and loss of enjoyment of natural life;

e.     Has suffered, and/or will continue to suffer emotional distress, embarrassment, humiliation, and anxiety;

f.     Has experienced, and/or will continue to experience, physical impairment;

g.     Has loss of wages and earnings capacity;

8

h.    Has been and/or will be prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities; and

i.    Other damages to be shown at trial.

41.    On information and belief, Plaintiff is entitled to judgment against defendants Vault Credit Corp. f/k/a Blue Chip Leasing Company and 1421827 Ontario Ltd., jointly and/or severally, for all actual, consequential, special, and punitive damages in an appropriate amount.

## PLAINTIFF'S PRAYER

**WHEREFORE**, based on the foregoing, Plaintiff prays:

a.    That his Complaint be deemed good and sufficient;

b.    That process and due form of law, according to the practice of this Honorable Court, issue against Defendants, citing them to appear and answer under oath, all and singular the allegations of aforesaid;

c.    That Plaintiff may have judgment in his favor, as Plaintiff, against Defendants for all legal and allowable damages arising out of the aforesaid matter, plus punitive damages, pre-judgment interest, costs of this action and reasonable attorney's fees;

d.    That all expert fees be taxed as costs; and

e.    That this Honorable Court grant Plaintiff such and other and further relief, general and equitable that the justice in this cause may require, and to which he may otherwise be entitled.

Respectfully submitted,

BLUESTEIN LAW FIRM, P.A.

By: s/S. Scott Bluestein
S. Scott Bluestein / Federal Id No. 6891
266 W Coleman Blvd., Suite 103
Mount Pleasant, SC 29464
Post Office Box 22253
Charleston, SC 29413-2253
Telephone:  843-577-3092
Facsimile:  843-577-3093
Email: scott@boatinglaw.us

ATTORNEY FOR PLAINTIFF

January 10, 2022
Mount Pleasant, South Carolina